UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OMAR MERRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02927-WTL-MPB |
| | ) |
| OFFICER A WIEMER Badge #478, | ) |
| PUTNAMVILLE CORRECTIONAL | ) |
| FACILITY, | ) |
| BRUCE LEMMON Commissioner, | ) |
| STANLEY KNIGHT Superintendent, | ) |
| SERGEANT HOSKING #41, | ) |
| OFFICER WALLCE, | ) |
| LOTOYA CHERRY Armark Worker, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Omar Merritt, an inmate of the Miami Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that certain correctional officers exercised excessive force against him while he was incarcerated at the Putnamville Correctional Facility.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen the Second Amended Complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Given the foregoing, certain claims will proceed while others will be dismissed.

First, the claims that defendant A. Wiemer struck Merritt in the chest injuring him and that defendant Hoskins observed this incident **shall proceed** as a claim that defendant Wiemer exercised excessive force against Merritt and that Hoskins failed to protect him from this use of force.

Next, any claim that defendants Wiemer and Hoskins used inappropriate language is **dismissed.** "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir.1999). (equal protection)).

Any claim against Putnamville Correctional Facility must be **dismissed** because a facility is not a "person" subject to suit pursuant to 42 U.S.C. § 1983.

Any claim against Commissioner Bruce Lemmon and Superintendent Stanley Knight must be **dismissed** because these defendants are mentioned in the caption, but not the body, of the complaint. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant

except for his name appearing in the caption, the complaint is properly dismissed."). Further, these defendants cannot be held liable for the acts alleged in the complaint based solely on their supervisory roles. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Next, any claim against Officer Wallace must be **dismissed**. The only allegation against this defendant is that Sergeant Hoskin told Officer Wallace to lock Merritt up. There is no allegation that Officer Wallace took any action that violated Merritt's rights.

Finally, any claim against Aramark Worker LaToya Cherry must also be **dismissed** because this defendant mentioned in the caption, but not the body, of the complaint. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

In short, the excessive force claim against defendant Weimer and the failure to protect claim against defendant Hoskins **shall proceed**. All other claims are **dismissed** and the **clerk shall terminate** all other defendants on the docket.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer A. Wiemer and Sergeant Hoskins in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

    **IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 12/7/16

Distribution:

OMAR MERRITT
194553
Miami Correctional Facility - BH/IN
3038 West 850 South
Bunker Hill, IN 46914-9810

Officer Weimer
Sergeant Hoskins

    Putnamville Correctional Facility
    1946 West US Hwy 40
    Greencastle, IN 46135